UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                                :

ERIC MITCHELL,
                            Petitioner,       :    **MEMORANDUM**
                                                        :    **DECISION AND ORDER**
            - against -                               :
                                                        :    CV-08-0615 (BMC)(RML)
THOMAS POOLE,
                            Respondent.      :
                                                             :
------------------------------------------------------------- X

**COGAN, District Judge.**

The sole issue raised in this habeas corpus proceeding pursuant to 28 U.S.C. §2254 is whether petitioner suffered ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), when his counsel at trial: (a) failed to object to the introduction of certain 911 calls following his robbery of the victim; and (b) conceded the possibility during closing argument that petitioner was running from the police without demanding an instruction that flight is weak evidence of guilt. The Appellate Division rejected this claim on the merits, People v. Mitchell, 35 A.D.2d 507, 826 N.Y.S.2d 144 (2d Dep't 2006), leave to app. den., 8 N.Y.3d 883, 832 N.Y.S.2d 495 (2007) (table), thus entitling respondent to deferential review under Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). Familiarity with the facts is assumed.

Although petitioner's trial occurred prior to the decision in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004), and thus it would be difficult to find that trial counsel provided ineffective assistance for failing to anticipate that decision, the fact is that the 911 calls at issue had all the earmarks of non-testimonial statements subsequently identified in Davis v.

Washington, 547 U.S. 813, 126 S.Ct. 2266 (2007). The witness to the robbery saw it occurring on her front stoop and called 911 as it was happening or immediately thereafter, describing the particulars of the perpetrator and the location of the robbery in an agitated state. There was thus no valid objection for trial counsel to make.

As to trial counsel's closing argument, petitioner has simply misperceived the record. His trial counsel succeeded in precluding the prosecutor's requested instruction that evidence of flight could be construed as evidence of guilt. But she had to deal with the fact that the victim of the robbery pointed out petitioner as the perpetrator to the police when they apprehended him after a chase. She did not concede that petitioner was the one who had fled from the police, arguing that the police had failed to testify that petitioner was the individual that they chased. She simply argued, in the alternative, that even if the jury found that petitioner was that individual, that did not mean that he was the one who had robbed the victim. Her argument was that a person might run from a police chase for a number of reasons, and evidence of guilt cannot be presumed from it. This was a tactical decision on trial counsel's part, and may have been the only one that could have been reasonably made; the victim had faced petitioner at arms' length for two or three minutes, looking directly into petitioner's face. Ignoring that identification by not even allowing the possibility that petitioner was the person that the police had chased would have been folly.

Petitioner's related argument that his counsel, having made this alternative argument, should have requested an instruction that flight is only "weak" evidence of guilt, gets the issue precisely backwards. The "weak evidence" instruction is useful to a defendant when a trial court agrees with a prosecutor's request to instruct that flight is evidence of guilt; it effectively tells the jury that flight may be one indicator of guilt, but it is not very strong evidence. However, here,

trial counsel succeeded entirely in precluding an instruction that flight is evidence of guilt. There was therefore nothing to mitigate and no reason for trial counsel to ask for such an instruction, which might well have served the counterproductive purpose of emphasizing flight as an indicator of guilt. In sum, both the alternative argument during closing and the decision not to ask for an additional instruction concerning flight were trial tactics well within counsel's permissible range of professional judgment. See Dunham v. Travis, 313 F.3d 724, 732 (2d Cir. 2002) (quoting United States v. Nersesian, 824 F.2d 1294, 1321 (2d Cir. 1987).

The Appellate Division's decision that petitioner received ineffective assistance of counsel thus was neither contrary to nor an unreasonable application of Strickland.

## CONCLUSION

The application for relief is denied and the petition is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue. In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917 (1962).

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
U.S.D.J.

Dated: Brooklyn, New York
July 16, 2008